UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNDALE GILLASPIE,

    Plaintiff,                              Hon. Gordon J. Quist

v.                                                Case No. 1:11 CV 854

CARRIE RAPP, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Partial Summary Judgment</u>. (Dkt. #24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**. The undersigned further recommends that Plaintiff's claims be dismissed as to those Defendants on whom service has yet to be effected.

Plaintiff initiated this action on August 12, 2011, against the Kent County Correctional Facility, Kent County Sheriff, Lawrence Stelma, Carrie Rapp, and eight "unknown" individuals. (Dkt. #1). Plaintiff amended his complaint on October 7, 2011. (Dkt. #11). Defendant Stelma was served with a copy of the summons and complaint on November 7, 2011. (Dkt. #14). Service of the summons and complaint was effected on the Kent County Correctional Facility on November 14, 2011. (Dkt. #17). Service has not yet been effected on any of the other defendants. Plaintiff now moves for partial summary judgment on the ground that Defendants Stelma and Kent County Correctional Facility failed to timely respond to his amended complaint. The Court interprets Plaintiff's motion, therefore, as a motion for default.

As Plaintiff asserts, Defendants were required to respond to his amended complaint within 21 days of service thereof. *See* Fed. R. Civ. P. 12(a) (party who has not waived service "must serve an answer. . .within 21 days after being served with the summons and complaint"). Defendants Stelma and Kent County Correctional Facility submitted an answer to Plaintiff's amended complaint on November 16, 2011, well within the time allotted. (Dkt. #15). Accordingly, the undersigned recommends that Plaintiff's motion for default as to Defendants Stelma and Kent County Correctional Facility be **denied**.

As previously noted, Plaintiff has also sued in this action Carrie Rapp and eight "unknown" individuals on whom service has yet to be effected. Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The summons and complaint issued to Defendant Rapp at the Kent County Correctional Facility was returned unexecuted on October 11, 2011. (Dkt. #13). Service was unsuccessful because Defendant Rapp is (according to the unexecuted summons) no longer employed at the Kent County Correctional Facility. In the more than seven months since, Plaintiff has neither requested an extension of time to effect service on Defendant Rapp nor has he requested the Court's assistance in locating or effecting service on Defendant Rapp. Likewise, Plaintiff has neither requested an extension of time to

effect service on the eight "unknown" defendants nor requested the Court's assistance in identifying or effecting service on these defendants. Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendant Rapp and the eight "unknown" defendants be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Partial Summary Judgment</u>, (dkt. #24), be **denied**. The undersigned further recommends that Plaintiff's claims against Defendant Rapp and the eight "unknown" individuals be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 31, 2012                      /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge