UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNDALE GILLASPIE,

        Plaintiff,                                   Hon. Gordon J. Quist

v.                                                   Case No. 1:11 CV 854

CARRIE RAPP, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **dismissed**.

### BACKGROUND

The following allegations are contained in Plaintiff's Amended Complaint. (Dkt. #11). On August 15, 2009, Plaintiff was arrested and transported to the Kent County Jail. Approximately two hours after arriving at the Kent County Jail, Plaintiff "started going thru the early stages of alcohol withdrawal." Specifically, Plaintiff began experiencing "nervous anxiety and shivering and shaking." Plaintiff related these events to a nurse, who informed Plaintiff that she would arrange for him to visit with a doctor the next day.

The following morning, Plaintiff suffered an "alcoholic withdrawal seizure" during which he was beaten by four unidentified deputies. Plaintiff was then transported to Blodgett Hospital where

he underwent a series of tests and examinations. When jail officials later approached Plaintiff for transport back to the jail, Plaintiff realized that he "could not get up" because of "pain and burning" he was experiencing in his legs. In response, "the deputy got mad and grabbed [Plaintiff's] hand cuffs and dragged [him] off the bed." Plaintiff "screamed in pain and almost fell," at which point "the deputy caught" Plaintiff by the arm and helped him walk to the transport van. Upon arriving at the van, Plaintiff "had to crawl into the van, and laid on the back seat." When Plaintiff arrived at the jail, "the deputy. . .dragged [Plaintiff] out" of the van and then helped Plaintiff inside where he was placed in an observation cell. Plaintiff later began experiencing delirium tremors and was "having [difficulty] just standing, and anything else that involved [his] legs." Plaintiff submitted four kites requesting medical treatment, but was not examined by the jail doctor until August 28, 2009.

Plaintiff initiated this action on August 12, 2011, against Kent County Sheriff, Lawrence Stelma, Carrie Rapp, R.N., the Kent County Correctional Facility, and eight unidentified individuals alleging violations of his civil rights, presumably his Eighth Amendment rights. On October 7, 2011, Plaintiff submitted an amended complaint. Plaintiff's claims against Defendant Rapp and the eight unidentified individuals have since been dismissed without prejudice for failure to timely effect service. (Dkt. #27, 36). Defendants Stelma and the Kent County Correctional Facility now move for summary judgment.

**LEGAL STANDARD**[1]

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

---

[1] While Defendants have titled the present motion as a "motion for summary judgment," Defendants have neither cited Federal Rule of Civil Procedure 56 nor submitted any evidence in support thereof.  Defendants' instead argue that they are entitled to relief because the allegations in Plaintiff's complaint fail to state a claim on which relief may be granted.  In support of this argument, Defendants rely on Federal Rule of Civil Procedure 12(b)(6).  Accordingly, the Court interprets Defendants' motion as a motion to dismiss for failure to state a claim on which relief may be granted.

> for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

The only factual allegations leveled against Defendant Stelma and the Kent County Correctional Facility in Plaintiff's amended complaint are as follows:

> Lack of adequate training (or lack of supervision of those who have been trained) of the Kent County Jail staff by the Kent County Sheriff and his administrative staff resulted in failure to provide proper medical care for me to eliminate an Alcohol Withdrawal Seizure, and later sessions of Delirium Tremens. . .Further injuries, during the Alcohol Withdrawal Seizure, resulted from the lack of adequate training (or lack of

supervision of those who have been trained) of the Kent County Jail Deputies by the Kent County Sheriff and his administrative staff.

Neither Sheriff Stelma nor the Kent County Correctional Facility can be held vicariously liable for the actions of the Facility's employees and, therefore, these Defendants "may not be sued under § 1983 for an injury inflicted solely by [their] employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To establish liability against these Defendants, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a particular policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that Defendants had notice or constructive notice of such; (3) that Defendants tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)). Plaintiff has failed to allege any facts which, even if established, would enable him to prevail on these claims. The undersigned, therefore, recommends that Defendants' motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #28), be **granted** and this action **dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                   Respectfully submitted,

Date: October 15, 2012                            /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge