UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BERNDALE JAMES GILLASPIE,

    Plaintiff,

v.

CARRIE RAPP, et al.,

    Defendants.

_____/

Case No.  1:11-CV-854

HON. GORDON J. QUIST

## MEMORANDUM ORDER
## ADOPTING REPORT AND RECOMMENDATION

On October 15, 2012, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation (R & R) (docket no. 41) recommending that this Court grant Defendants' "Motion for Summary Judgment"[1] (hereinafter Motion to Dismiss) (docket no. 28) and dismiss Plaintiff's Complaint for failure to state a claim.  Plaintiff has filed a timely Objection to the R & R.  (Docket no. 43.)  When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*.  Fed. R. Civ. P. 72(b)(3).  After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

### I. BACKGROUND

Plaintiff makes the following factual allegations in his Amended Complaint (Complaint) (docket no. 11): On August 15, 2009, Plaintiff was arrested in Grand Ledge, Michigan, on a bench warrant from Kent County.  He was taken to Eaton County Jail then transported to Kent County Correctional Facility.  During the booking process, Plaintiff saw a nurse.  Although he "felt OK"

---

[1] The Court notes that although Defendants have titled their motion a "Motion for Summary Judgment," Defendants actually argue that they are entitled to relief for Plaintiff's failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Therefore, the Court will refer to Defendants' motion as a Motion to Dismiss.

at first, after approximately two hours, Plaintiff began experiencing the early stages of alcohol withdrawal, including "nervous anxiety and shivering and shaking." Plaintiff communicated his symptoms to a nurse, who "did not really seem to care," and told Plaintiff that he would see the doctor the next day. Plaintiff was "up all night in alcohol withdrawal." He had the sensation that he was losing control of his motor skills. Plaintiff used the emergency call box to contact the deputy about an oncoming seizure. The next thing Plaintiff remembers is riding in the back of an ambulance to Blodgett Hospital. He was strapped into a stretcher and the deputy was very rude to him, explaining that "that is what happens when you resist."

At the hospital, a doctor administered a variety of tests, including a CAT scan of Plaintiff's head and stomach, and x-rays of Plaintiff's ribs and left hand. When the tests were complete and Plaintiff was supposed to return to the jail, Plaintiff's leg pain was unbearable and he could not get up from the bed. Then, the "deputy got mad and grabbed [Plaintiff's] hand cuffs and dragged [him] off the bed." Plaintiff screamed in pain and almost fell. The deputy caught Plaintiff and helped Plaintiff to the sheriff's van by holding Plaintiff's arm. Plaintiff crawled into the van and laid on the back seat. After they arrived back at the jail, Plaintiff could not get up on his own, so the deputy "grabbed [Plaintiff] by the cuffs, and dragged" Plaintiff out of the van. A second, unknown deputy was standing watch. At the jail, officers placed Plaintiff in an observation cell with video surveillance for approximately twenty-two hours. Plaintiff struggled to stand and could not lay on his side because of his leg and knee pain. During that time, Plaintiff began to discover many bruises on his body that he does not believe the hospital or jail staff noticed because Plaintiff was wearing a "two piece jail uniform." Plaintiff wrote four kites to the jail doctor until the doctor finally examined Plaintiff on August 28, 2009, after Plaintiff complained to the morning medical cart nurse. Plaintiff believes that during his seizure, he was beaten by four deputies because other inmates heard the deputies yelling at Plaintiff to "stop fucking faking it and get up."

Plaintiff initiated this lawsuit on August 12, 2011, against jail screening nurse Carrie Rapp, Kent County Sheriff Lawrence A. Stelma, Kent County Correctional Facility, and eight "unknown" individuals.  Plaintiff failed to serve Rapp and the eight "unknown" Defendants.[2]  The remaining Defendants, Stelma and Kent County Correctional Facility, have now moved for dismissal.

## II. MOTION TO DISMISS STANDARD

A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 46, 47, 78 S. Ct. 99, 102, 103 (1957)).  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 556, 127 S. Ct. 1965.

For purposes of a 12(b)(6) motion, the court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

---

[2]The Court has identified a clerical error in its Order dated July 26, 2012 (docket no. 36).  In the body of the Order, the Court explained that Plaintiff had failed to serve Carrie Rapp and the eight unknown Defendants, and had not acted with diligence in executing service, so the Court would dismiss Plaintiff's claims against those Defendants without prejudice.  However, at the end of the Order, the Court omitted Rapp's name in the list of dismissed Defendants.  Therefore, the Court will now dismiss Plaintiff's claims against Rapp without prejudice.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion to dismiss for failure to state a claim, courts recognize an exception for documents attached to or referenced in the complaint. "When a court is presented with a Rule12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

### III. DISCUSSION

The Court distills four arguments from Plaintiff's Objection. Plaintiff first argues that the R & R considers only one section of Plaintiff's many factual allegations. After careful review, the Court finds that the magistrate judge correctly identified the factual allegations pertinent to the *remaining* Defendants—Stelma and Kent County Correctional Facility. Plaintiff's factual allegations are limited to Defendants' failure to train jail staff and failure to provide medical care to address alcohol withdrawal seizures.

Neither Stelma nor Kent County Correctional Facility can be held vicariously liable for the actions of the facility's employees, so these Defendants "may not be sued under § 1983 for an injury inflicted solely by [their] employees or agents." *Thomas v. City of Cattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 1037 (1978)). Although Plaintiff argues that he should be able to sue all Defendants as "Kent County Correctional Facility," the individual employees whom Plaintiff alleges were directly responsible for Plaintiff's injuries were never served in this case. Therefore, they are no longer parties to this case. In order for Plaintiff to establish liability against the remaining Defendants, Plaintiff must

demonstrate that he suffered a violation of his federal constitutional rights "because of" a specific policy, practice or custom.  *See id.* at 429.  To establish municipal liability on the basis of inaction, Plaintiff must demonstrate: (1) the existence of a *clear and persistent pattern of illegal activity*; (2) notice or constructive notice on the part of the defendant; (3) the defendant tacitly approved of the unconstitutional conduct, such that his *deliberate indifference in his failure to act can be said to amount to an official policy of inaction*; and (4) the defendant's policy, practice, or custom was the moving force or direct causal link in the constitutional deprivation.  *Id.* (citing *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)) (emphasis added).

In this case, the Court agrees with the magistrate judge that Plaintiff has failed to allege sufficient facts for the Court to draw a reasonable inference that the Defendants have engaged in a clear and persistent pattern of illegal activity.  *See Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949.  Moreover, Plaintiff has not plausibly alleged that Defendants had notice of the activity, tacitly approved the activity by deliberate indifference, and that the activity was the direct causal link to Plaintiff's alleged constitutional deprivation.  Absent those elements, the Court must grant Defendants' Motion to Dismiss.

Plaintiff's second objection is that the R & R only addresses Plaintiff's causes of action for lack of adequate training and failure to provide proper medical care.  Plaintiff argues that the R & R should have reviewed all six of Plaintiff's alleged violations of his civil rights.  After reviewing Plaintiff's Complaint, the Court concludes that the magistrate judge correctly addressed the allegations applicable to the remaining Defendants.  (*See* Compl., Docket no. 11, Page ID 152–53.)

Third, Plaintiff objects that he has witnesses who are ready to testify as to the veracity of his allegations.  This argument is unavailing because the Court assumes Plaintiff's allegations are true for purposes of Defendants' Motion to Dismiss.  Nonetheless, as discussed above, the Court will still dismiss Plaintiff's Complaint for failure to state a claim.

Finally, Plaintiff argues that his case presents an example of tacit approval of an illegal policy by deliberate indifference. *See Doc*, 103 F.3d at 508. However, because this Court concludes that Plaintiff has failed to allege with facial plausibility that Defendants have engaged in a clear and persistent pattern of illegal activity, Plaintiff fails to state a claim. As the Sixth Circuit stated in *Doe*, "the failure to present sufficient evidence to establish the existence of a policy of inaction ends the inquiry." *Id.* Therefore, this Court need not consider whether such a custom of inaction amounted to deliberate indifference.

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt the magistrate judge's R & R as the Opinion of the Court.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge dated October 15, 2012 (docket no. 41) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (docket no. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation (docket no. 43) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Rapp are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect timely service.

This case is concluded. A separate judgment will issue.

Dated:  January 30, 2013                           /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE